WORK ET AL., RESPONDENTS, v. NORTHERN PACIFIC
RAILROAD COMPANY, APPELLANT.

[Argued, March 21, 1893.  Decided, November 12, 1893.]

JUDGMENTS—*Missing record.*—A court of general jurisdiction has inherent power
to supply a missing record in a cause within its jurisdiction, and therefore,
where a judgment was rendered in a territorial court, while sitting as a federal
court, and the record book in which such judgment was entered was trans-
ferred to the United States circuit court upon the admission of the state into
the union, it is proper for the district court, which, under the enabling act
had succeeded in jurisdiction of the case, to cause such judgment to be entered
in its judgment book.

*Appeal from Ninth Judicial District, Gallatin County.*

Defendant's motion to vacate and set aside the judgment
was denied by ARMSTRONG, J.  Affirmed.

*W. E. Cullen,* for Appellant.

I.  No statute in any jurisdiction authorizes the taking of
more than one final judgment in any case, and without some
statutory authority the power of the court to render a judgment
is exhausted after it has been once exercised.  It is not neces-
sary, however, to establish by authority the invalidity of the
judgment of the district court of Gallatin county, rendered by
Judge Henry.  This court granted the motion made by the
respondents to dismiss the former appeal (11 Mont. 513), and
the motion was grounded upon the proposition that the judg-
ment of the district court of Gallatin county, sitting as
a federal court, rendered by Judge Liddell was valid and
the Henry judgment was a " mere useless formality."  They
are therefore now estopped from asserting its validity or
attempting to enforce its satisfaction.  (*Nuckolls* v. *Irwin,* 2
Neb. 60–66; *Newell* v. *Meyendorff,* 9 Mont. 263, 18 Am. St.
Rep. 738; *Ohio etc. Ry. Co.* v. *McCarthy,* 96 U. S. 267; *Drey-
fous* v. *Adams,* 48 Cal. 131; *Long* v. *Fox,* 100 Ill. 43;
*McQueen* v. *Gamble,* 33 Mich. 344; *Callaway* v. *Johnson,* 51
Mo. 33; *Edward's App.,* 105 Pa. St. 103.)

II.  The application to set aside this judgment was properly
made to the court which granted it.  (1 Black on Judgments,
§ 297; *Grattan* v. *Matteson,* 51 Iowa, 622.)

The general rule is that, after the expiration of a term of court at which judgment is rendered, the court loses control over it, unless provision is made by statute giving the court authority to set it aside, reverse, or modify it within some specified time after its entry, but this does not apply to judgments void *ab initio.* "Every court possesses inherent power to vacate entries on its record of judgments, decrees, or orders, rendered or made without jurisdiction, either during the term at which they are made or after its expiration." (1 Black on Judgments, § 307; Freeman on Judgments, §§ 100, 107, 108; *State Bank etc.* v. *Abbott,* 20 Wis. 570; *Chipman* v. *Bowman,* 14 Cal. 159; *First Nat. Bank* v. *Grimes D. G. Co.,* 45 Kan. 510; *Pantall* v. *Dickey,* 123 Pa. St. 431; *Allen* v. *Krips,* 119 Pa. St. 1; *Williamson* v. *Hartman,* 92 N. C. 236; *Merrick* v. *Baltimore etc.,* 43 Md. 219; *Wharton* v. *Harlan,* 68 Cal. 422.)

The motion to vacate does not have to be made within any specified time, nor does the statute prescribing the time within which judgment may be set aside apply to it. (*Ladd* v. *Stevenson,* 112 N. Y. 332, 8 Am. St. Rep. 748; *Chipman* v. *Bowman,* 14 Cal. 159; *Imlay* v. *Carpentier,* 14 Cal. 173; *Cowles* v. *Hayes,* 69 N. C. 406.)

The motion is not a collateral, but a direct, attack upon the judgment. (*Reinhart* v. *Lugo,* 86 Cal. 395, 21 Am. St. Rep. 52; *People* v. *Mullan,* 65 Cal. 396; *People* v. *Greene,* 74 Cal. 400; 5 Am. St. Rep. 448.)

III.    The Henry judgment purports to be, and was, in fact, a *nunc pro tunc* judgment. The record of the case, as recited in the opinion of this court on the former appeal, shows that at the date of the entry there was no record evidence in Judge Henry's court that the case had ever been tried or any final judgment ordered therein. No judgment can be amended or one entered *nunc pro tunc* unless there is at the date of such amendment or entry some matter of record authorizing it, and this must be shown by some book belonging to the office of the court, and required to be there kept by law. (*Hudson* v. *Hudson,* 20 Ala. 364; 56 Am. Dec. 200; 1 Black on Judgments, § 135.)

*E. P. Cadwell*, for Respondent.

If a judgment can be reviewed by a motion after the term at which it was rendered, its void character must appear upon its face. If the void character of this last judgment entry (styled the Henry judgment) appeared from the face of the record, it as fully appeared by the record before this court when it passed upon this case on the former appeal (11 Mont. 513) as it does now. If it was void then it should have been reversed, for it must be conclusively presumed, that in every appeal this court passes upon every question raised, or that is in the record, or that the question raised and not passed upon, was waived by the appellant, when its decision is finally rendered. This court now has before it exactly the same record it had before, and this court is asked to again pass on the same case. Where will this practice lead to? Where will there be an end to litigation, if, as is contended by appellant, the judgment is void upon its face, or is void by the admissions of counsel? It is no more void now than then. If this practice is allowed to prevail, a judgment can be attacked at any time by motion. Will a judgment ever be good? (*Barkley* v. *Tieleke,* 2 Mont. 434; *Livermore* v. *Campbell,* 52 Cal. 75; *People* v. *Greene,* 74 Cal. 400; 5 Am. St. Rep. 448; *Reinhart* v. *Lugo,* 86 Cal. 395; 21 Am. St. Rep. 52; *Foster* v. *Hauswirth,* 5 Mont. 566; *People* v. *Mullan,* 65 Cal. 396; *Bell* v. *Thompson,* 19 Cal. 707; *Hegeler* v. *Henckell,* 27 Cal. 495; *Bostwick* v. *McEvoy,* 62 Cal. 502; *Wharton* v. *Harlan,* 68 Cal. 422; *Vantilburg* v. *Black,* 3 Mont. 467.)

An appeal lies from a void judgment. (*Livermore* v. *Campbell,* 52 Cal. 75.)

In this case appellant has appealed once upon the same record and has been accorded no relief.

A motion made to set aside a judgment as void must rely solely upon what appears upon the face of the record, i. e., the void character of the judgment must appear on the face of the record, and not by evidence *aliunde.* (Cases cited supra.)

Errors in the judgment of the supreme court can only be corrected by petition for a rehearing or by appeal to a higher court. (*Barkley* v. *Tieleke,* 2 Mont. 434.) When the statute

provides a remedy for an error of the lower court, parties aggrieved must follow that remedy. (*Vantilburg* v. *Black,* 3 Mont. 467.)

HARWOOD, J.—Counsel for appellant remarks in the introduction of the present consideration that, when this case was here on a former appeal, "the statement of the case therein made recites substantially all the facts necessary for the determination of the questions arising upon the present appeal." Therefore reference is made to that statement (11 Mont. 516) for an exposition of the condition of the case when the order was made in the court below, from which this appeal was taken. On return of the *remittitur* on the former appeal, defendant moved the district court of Gallatin county to vacate and set aside the judgment in this case, recorded in the judgment-book of that court, on December 9, 1890, "for the reason that said court had no jurisdiction to enter said judgment, and that the same is void, and of no effect." This motion was opposed by respondents, and, upon consideration, it was overruled, and the judgment was allowed to stand as recorded in the judgment book of said court, from which order overruling said motion this appeal is taken.

It will be remembered by reference to the former treatment of this case that the trial thereof was had and judgment entered by the territorial district court, sitting for the trial of causes arising under the constitution and laws of the United States in that district, of which Gallatin county was then a part; that, on the admission of Montana into the union, this case, together with the record wherein the judgment was entered, and all its belongings, was transferred from said territorial district court to the United States circuit court for the district of Montana, but, on consideration of the enabling act, it was found that said district court within and for Gallatin county succeeded in jurisdiction to said case, instead of the United States court, as was first supposed; that thereupon the records and papers pertaining to this case were transferred to the district court within and for Gallatin county, except the record book of said territorial district court, wherein the proceedings showing trial and judgment in said action were entered. That record book ap-

pears to have been committed to the custody of the United States circuit court for the district of Montana. Under these circumstances, the district court within and for Gallatin county, finding it had succeeded to jurisdiction of said case and the existing judgment, but being without immediate custody of the record wherein said judgment was entered, caused to be recorded in its judgment book, on December 9, 1890, said judgment, denominating this entry as a "judgment *nunc pro tunc*" in said cause. This entry is attacked by the motion of appellant, which is the subject of the present appeal.

It is not disputed that the district court of Gallatin county has complete jurisdiction of said case and judgment, as held by the United States court in its interpretation of the enabling act. A court of general jurisdiction has inherent power to supply a missing record in a cause within its jurisdiction. (1 Black on Judgments, § 125; 1 Freeman on Judgments, § 89.) And we do not conceive, nor has there been shown, any difference in principle in the matter of supplying a record which is missing from the court having jurisdiction of the case, by reason of the original having been taken away by lawful authority, and supplying a record which is missing by reason of the original having been lost, destroyed, or wantonly abstracted. Here was a case within the jurisdiction of the district court of Gallatin county, but the record containing the original entry of the judgment therein was not in the custody of that court, because said record had, through the municipal changes occurring by the admission of Montana into the union, been, by lawful authority, placed in the custody of another court. Under these circumstances, we think the court having jurisdiction of said judgment had authority to cause the record thereof to be supplied by an entry in its own judgment-book; and, moreover, that such action was eminently proper, to the end that the record of the court to which jurisdiction of the judgment had been transferred should show the same and all further proceedings therein. This entry in question may not be technically the entry of a judgment *nunc pro tunc*. It would seem to be more in the nature of supplying a missing record, which had been brought into existence, but which was out of the custody of the court having jurisdiction thereof. However,

no question on that score is raised by appellant, nor is there any complaint that the record of said judgment placed in the judgment-book of the district court of Gallatin county of December 9, 1890, differs in any material particular from the original record of the judgment.

In urging this motion to strike said entry from the record, counsel for appellant turns against respondents' counsel the edge of his own argument on the former appeal—that said entry of December 9, 1890, was a "useless formality," and holds up to view his inconsistency in now attempting to maintain the usefulness of that formality. This inconsistency of respondents' counsel appears to be the main ground upon which appellant expects to maintain his position. We would not be justified in holding the action of a court erroneous simply because of shifting or inconsistent positions assumed by counsel in respect thereto, when such action comes under consideration in various appeals. Following such criterion, judicial view would "turn its course, like a weather-vane, to every wind that blows," instead of proceeding upon real, substantial, and harmonious reasons.

The question on the former appeal was whether the judgment in this action had been entered by the territorial court, and that question was disposed of. Not only so, this court refused, on motion for rehearing, to interfere with the action of the district court of Gallatin county in respect to recording said judgment in its judgment-book, although counsel sought to have that entry declared void, on the ground that two judgments were recorded against defendant in said action, both of which it would find "potential realities" in the future. But that motion was denied, because there appeared to be no foundation for such proposition. The United States court, in charge of said record for other purposes, disclaimed all jurisdiction of said case and judgment, and, moreover, pointed out that the district court within and for Gallatin county succeeded to such jurisdiction. Under such conditions the federal court, while disclaiming jurisdiction of that judgment, would not undertake to execute it.

Our consideration of this matter brings us to the conclusion that the order of the district court of Gallatin county refus-

ing to eliminate the record of said judgment from its judgment-book ought to be affirmed, and an order will be entered by this court to that effect.

*Order affirmed.*

PEMBERTON, C. J., and DE WITT, J., concur.